312 P.2d 805

Mike CHAVEZ, Plaintiff-Appellant, v. Juan ARAGON, Defendant-Appellee.

No. 6209.

Supreme Court of New Mexico.

June 26, 1957.

Rehearing Denied July 19, 1957.

A. T. Montoya, Albuquerque, for appellant.

Botts & Botts, Albuquerque, for appellee.

McGHEE, Justice.

This is an action by a trucker against a former logging and sawmill operator in the Lindrith area on a five-year contract for the hauling of lumber from the mill to market, the trucker claiming breach of the contract after three years of operation.

The trial court found the defendant had lost his sawmill and had no more stumpage to work after 1953, the time the plaintiff was not given more lumber to haul; that the defendant had leased the mill back from a creditor to whom it had been conveyed in partial settlement of indebtedness; that the defendant was engaged in logging stumpage for the new owner of the mill and then processing it in the mill for the new owner for pay, the latter taking delivery of the lumber at the mill.

The trial court further found the evidence by which plaintiff sought to establish the cost of his operations and loss of profits on future hauling was insufficient to show he had been operating at a profit; that in establishing his costs the plaintiff should have included substantial sums for depreciation, taxes and insurance, none of which had been detailed. It refused to find the plaintiff had made any profit out of the hauling agreement during the period he did haul, March 14, 1951 to December 29, 1953.

We have carefully examined the record as to the cost of plaintiff's operations and must agree with the trial court that the evidence is so unsatisfactory and deficient that it could not be the basis of an award for future loss of profits. In fact, on the plaintiff's testimony a finding he had been operating at a loss would have been justified. The judgment will therefore be affirmed without a discussion of the legal questions raised by the contract and its termination by the defendant two years short of its term. It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and KIKER, JJ., concur.